IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MANUELA ESTRADA-ZAPATA** | : | |
| Petitioner | : | |
| | : | |
| v. | : | **3:CV-07-2034** |
| | : | **(JUDGE VANASKIE)** |
| **U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, DEPARTMENT OF HOMELAND SECURITY** | : : : | |
| Respondents | : | |
| | : | |

## ORDER

**November 8, 2007**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Petitioner Manuela Estrada-Zapata, presently confined by the United States Bureau of Immigration and Customs Enforcement at the Pike County Correctional Facility, has come before this Court to seek a stay of her allegedly imminent deportation. Essentially, she contends that her removal to Peru is subject to challenge on grounds that she was denied effective assistance of counsel during the underlying removal proceedings that had culminated with denial of her claims for asylum, withholding of removal, and relief under the Convention Against Torture. She also asserts that changed conditions in her native Peru warrant re-assessment of the denial of the relief that she had requested in 2000, when this matter was adjudicated. Petitioner also asserts that she is taking steps with the Board of Immigration Appeals to reopen the administrative process.

It is clear that to consider Petitioner's request for a stay of removal, this Court would be compelled to consider the validity of the removal order. That is, a stay of removal is warranted only upon a showing of a likelihood of success on the merits, see Douglas v. Ashcroft, 374 F.3d 230, 233-34 (3d Cir.2004), and it is evident that Petitioner is assailing the validity of the underlying removal order. This Court, however, lacks the authority to consider the validity of the removal order. See 8 U.S.C. § 1252(a)(2); Diallo v. U.S. Immigration and Customs Enforcement, No. C 07-125Z, 2007 WL 2874964 (W.D. Wash., Sept. 28, 2007); Yzo v. United States Dep't of Homeland Security, Civil No. 07-13016, 2007 WL 248278 (E.D. Mich., Aug. 23, 2007). As in Garnica v. Chertoff, No. C 07-4953 SBA, 2007 WL 2827698 (N.D. Cal., Sept. 27, 2007), Petitioner here seeks to contest the execution of an administratively final order of removal, and, like the district court in Garnica, this Court lacks jurisdiction to entertain both the habeas petition as well as the request for a stay of removal. Accord, Gorea v. Ashcroft, No. 4:CV-06-1089, 2006 WL 1984630 (M.D. Pa., July 13, 2006). Instead, Petitioner must seek relief in the appropriate forum, and this action must be dismissed as beyond the authority of this Court to consider. Id. at *2.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The request for a stay of removal is **DENIED.**

2. The Emergency Petition for Habeas Corpus is **DISMISSED, WITHOUT PREJUDICE.**

3. The Clerk of Court is directed to mark this matter **CLOSED.**

                                                     **s/ Thomas I. Vanaskie**
                                                     Thomas I. Vanaskie
                                                     United States District Judge